## Landis *versus* Royer.

59     95<br>24 SC ⁴509

1. In a suit against the owner of houses by a lumber merchant for lumber furnished to the contractor, evidence that at a settlement between the contractor and owner, the contractor admitted the owner's books to be correct, was *held*, to be inadmissible.

2. Materials furnished on the credit of a building, are a sufficient consideration for the owner's subsequent promise to pay.

3. A benefit derived from unsolicited services creates a moral obligation, which is a sufficient consideration for an express assumption, but will not raise an implied assumption.

4. Materials for a building were furnished to a contractor on the credit of the building, and charged to him : there was evidence that the owner promised to pay for them : *Held*, that if the promise was a direct and absolute engagement to pay on a consideration moving to himself, and at the time the claim was a lien, it was the debt of the defendant's own building, whose payment could be enforced against it, and although not personally his debt, his promise was in relief of his property—not the debt of another, and not within the Act of April 26th 1855 (Frauds).

May 19th 1868. Before THOMPSON, C. J., AGNEW and SHARS-WOOD, JJ. STRONG and READ, JJ., absent.

Error to the Court of Common Pleas of *Lebanon county :* Of May Term 1868, No. 56.

This was an action of assumpsit to January Term 1867, by Christian Royer against Edwin Landis.

It appeared that the defendant, his brother Abraham Landis, and Reuben Landis, were each erecting a house about the same time under a contract with Peter Wertz, who was to furnish all the materials. The lumber for all was procured from the plaintiff and charged indiscriminately to Wertz. That portion claimed in this suit was furnished between May 5th and September 21st 1865.

Wertz was unable to pay, and this suit was brought to recover for the lumber which went into the defendant's house.

The plaintiff called his son, D. F. Royer, who testified : Abraham Landis and the defendant, in August or September 1865, looked over the account in plaintiff's books with the witness ; the brothers made out on a piece of paper the amount which they had got, and what Reuben had got ; they showed what each had got ; the defendant said, both brothers being then present, if Reuben would pay $300 they would pay the rest ; the defendant's part was

$342.53; they said they had paid Wertz all the money he was to get. They called about two weeks afterwards, said they had not got all the lumber, and offered to pay $573, a little less than the two accounts, which witness did not agree to take. Reuben paid the $300. There was other evidence that the defendant recognised his liability to pay for the lumber.

The defendant offered to show by a witness that he was present on 3d of April 1867, and saw a settlement made between Wertz and defendant, that the books now offered were then present, and the accounts admitted by Wertz to be correct. The offer was rejected, and a bill of exceptions sealed.

The defendant gave evidence that Wertz had been in good credit till about November 1865; that the offer to pay $572 had been made by way of compromise and for the sake of peace, and that it had been declined; that each was to pay the half of $572; that the lumber was taken from the books for both houses without making any distinction.

The defendant submitted the following points amongst others:

2. This case is within the statute of 26th of April 1855, relating to frauds and perjuries, and therefore the plaintiff cannot recover.

3. There was no lien entered against the defendant's house at the time this alleged promise was made, and therefore the claim was not the debt of the property; the alleged promise not being in writing is consequently within the statute of 26th of April 1855, and the plaintiff cannot recover.

4. The plaintiff must establish, 1st. That the lumber was sold on the credit of the building; and 2d, an absolute unconditional promise to pay the *whole* amount claimed, and the evidence of such promise must be clear and explicit, so that there may be no room to suspect mistake or misapprehension.

5. The fact that this lumber was charged only to the contractor on the plaintiff's books, raises the presumption that it was sold solely on his credit, and if the jury believe that Wertz, the contractor, was reputed of good credit at the time this lumber was bought, and that Royer obtained an order from him on Landis for this lumber at one time, this presumption becomes very strong.

9. Even if the jury believe the promise was made, there is no sufficient consideration to support it; the promise is therefore void.

The court (Pearson, P. J.) answered the points as follows:—

3. "Although no lien was entered against the property of the defendants at the time of the promise, yet if the same was subject to a lien, there was sufficient consideration for the promise to pay, as their own debt or one which might be brought against their property, and if it stood in that situation, the promise would be to pay their own debt and in ease of their own property, and

[Landis v. Royer.]

not the debt of Wertz. If such was the situation at the time of the promise, it may be binding, notwithstanding the statute.

4. " This is correct, except as to the whole amount claimed— they can be bound for so much as is legally due, if the promise was as stated or supposed in this point.

5. " If the lumber was sold on the credit of Wertz alone, without any intention to look to the property of defendants, plaintiff cannot recover. The fact of the lumber being charged in the name of Wertz, is evidence that the credit was given to him; but it may be merely the method of keeping the account. The fact of an order having been given, and Wertz being in good credit at the time, is of weight, but may be counteracted by the defendant's subsequent promise to pay. That question is wholly one of fact to be decided by the jury.

9. " If the promise was made on the ground that the lumber had been furnished on the credit of defendant or his building, his subsequent promise to pay, if made, is on sufficient consideration."

The verdict was for the plaintiff for $320.

The defendant took a writ of error and assigned for error,

1. The rejection of his offer of evidence.

2–5. The answers to the points stated above.

*J. Funck*, for plaintiff.—The evidence rejected was part of *res gestæ:* Hannis v. Hazlett, 4 P. F. Smith 138; Tompkins v. Saltmarsh, 14 S. & R. 275; Hadley v. Carter, 8 N. Hamp. 40; Guy v. McIlree, 2 Casey 93; Brown v. Clark, 2 Harris 471; Welsh v. Cooper, 8 Barr 222; 1 Greenl. on Ev., §§ 108, 120. As to the consideration (3 and 9 points): Comyn on Contr. 9; Maule v. Bucknell, 14 Wright 53; Rann v. Hughes, 7 T. R. 350, note a; Mitchinson v. Hewson, Id. 348; Wennall v. Adney, 3 B. & P. 249; 1 Parsons on Contr. 370, note h, 375, 405; Robinson v. Marshall, 11 Maryland 351; Frear v. Hardenbergh, 5 Johns. R. 272; Ehle v. Judson, 24 Wend. 97; Smith on Contr. 113, note; Miller v. Holbrook, 1 Wend. 317; Russell v. Buck, 11 Verm. R. 166; Act of April 26th 1855, § 1, Pamph. L. 308, Purd. 497, pl. 4.

*C. P. Miller* and *J. C. Kunkel*, for defendant in error, cited as to the evidence Harrison v. Brown, 8 Leigh 697. As to the consideration, Act of June 16th 1836, § 27, Pamph. L. 701, Purd. 713, pl. 39; Forth v. Stanton, 1 Saunders R. 210, note; Lonsdale v. Brown, 4 W. C. C. R. 150; Maule v. Bucknell, 14 Wright 52; Williams v. Leper, 3 Burr. 1890; Nelson v. Boynton, 3 Metc. 396.

The opinion of the court was delivered, May 27th 1868, by
Sharswood, J.—The plaintiff below, a lumber merchant, had
9 P. F. Smith—7

furnished materials for the erection of a house for the defendant, which had been built by Wertz under a special contract. It was submitted to the jury to say whether they were furnished at the defendant's request or on his credit, or that of his building, and whether he afterwards expressly assumed to pay the bill. We have only to consider the errors which have been assigned.

The first is that the court excluded the testimony of a witness who was offered to show that he was present and saw a settlement made between Wertz and the defendant, that certain books produced were then present, and the account admitted by Wertz to be correct. Admissions by Wertz, the contractor, were certainly not evidence as against the plaintiff. It may be that the bare fact of a settlement might have been proved by any competent witness present, just as the fact of payment might be. But that was not the offer. It was to show that certain books of the defendants were admitted by Wertz to be correct, and then to submit them to the jury. But even Wertz's receipt in writing would not be evidence except as against himself. This is too well settled a principle of the law of evidence to be now brought into controversy.

The 2d assignment of error is to the answer of the court to the defendant's 3d point. This may be advantageously considered together with the 5th error assigned, the answer to the 9th point, because in both the jury were instructed that if the lumber was originally furnished on the credit of the defendant's building, his subsequent promise to pay would be on sufficient consideration. The ruling we think is fully sustained by the decision of this court in Cunningham *v.* Garvin, 10 Barr 366. It was there held that a past consideration flowing from a benefit conferred would support an express promise: in other words that a benefit derived from the unsolicited services of another creates a moral obligation to compensate that other, and though not enough without a previous request to give rise to an implied, it is sufficient to sustain an express assumption. A considerable part of the value of the defendant's house was derived from materials furnished by plaintiff on the credit of it, and with the expectation of being paid for them. Unless there was some other equitable consideration, which is not presented to vary the case in the points put to the judge, surely there can be no question that it would have been immoral and unjust for the defendant to enjoy the plaintiff's property without paying him for it. It remains to inquire whether the defendant's promise was within the Act of April 26th 1855, Pamph. L. 308, "a special promise to answer for the debt or default of another." If the defendant's contract was a direct and absolute engagement to pay on a consideration moving to himself: if at the time the promise was made the plaintiff's claim was a lien on the house: it was the debt of the defendant's own building,

the payment of which could legally be enforced against it; though it may not have been personally his debt, his property was answerable for it, and his engagement to pay was in relief of his property. So the case was put to the jury in these answers.

As to the 3d assignment of error it is enough to say that the defendant's 4th point was affirmed, with the necessary qualification that the promise need not be to pay the whole amount claimed. So also there was no error in the answer to the 5th point. In fact that was also affirmed, although not in terms: for it did not become the court to adopt the language of the party and instruct the jury as to the degree of strength of a presumption arising from the evidence. It is sufficient that the question was fairly submitted to the jury as one wholly of fact.

Judgment affirmed.