# Merriman et al. *versus* McManus.

1. In a suit against a firm, the plaintiff was offered as a witness, but was objected to because of the death of one of the parties defendant, and was withdrawn. Then, under the authority of Pratt *v.* Patterson (31 P. F. Smith 114), counsel offered in evidence certain notes of plaintiff's testimony taken in a former trial between the same parties. These notes were objected to chiefly on the ground that the witness himself was in court and being incompetent, the notes of evidence were also inadmissible. The objection was overruled by the court and the evidence admitted. On appeal to the Supreme Court, it was urged for the first time that under the Act of May 25th 1878 (P. L. 153), the plaintiff was a competent witness, and hence that the admission of the notes of testimony was erroneous.

*Held*, that although the last mentioned proposition might be correct, yet as the plaintiff was entitled to the admission of the evidence in one form or the other, the defendants must abide by the consequence of their own act in inducing the erroneous ruling, and that the Supreme Court would not reverse on account of the admission of the notes of testimony.

2. A. contracted with B. to do certain plumbing upon houses which B. was erecting. B. subsequently, became unable to complete his engagements, and C. made a parol agreement with A. to finish the work upon the terms originally agreed upon between A. & B. In an action by A. against C. *Held*, that the evidence was sufficient to show that there was a new and independent agreement between A. and C.— not within the statute of frauds—by which C. became liable to A. for the work; and not a mere guarantee by C. of B.'s debt.

Jefferson County *v.* Slagle, 16 P. F. Smith 202, followed.

January 10th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas No. 1 of *Philadelphia county:* Of July Term 1882, No. 1.

Assumpsit, by Michael McManus against H. Merriman, De Forest H. Merriman and H. A. Merriman, trading as H. Merriman & Sons, to recover for the breach of an alleged contract to pay for certain work and labor done and materials furnished.

On the trial, before BIDDLE, J., the following facts appeared : The plaintiff entered into certain written contracts with one Francisco Richardson, a builder, to do the plumbing in two rows of houses which Richardson was building, one on the west side of Fifteenth street and the other on the east side of Sydenham street in Philadelphia.

In the early part of 1877, Richardson, who was then largely indebted to plaintiff, was obliged to discontinue building, for the want of money, and the plaintiff stopped work under the contracts.

The defendants who were lumber dealers in Williamsport, had furnished Richardson a large amount of lumber and mill work for the building operation, in payment for which they

obtained a number of mortgages from Richardson, some of them on these unfinished houses. When the work ceased, one of the defendants, D. H. Merriman, came to Philadelphia to arrange for continuing it, and had an interview with the plaintiff, in the presence of D. C. Richardson and Mrs. Richardson, and, as alleged by the plaintiff, agreed to pay him the amount which he claimed, if he would continue the work, on the Fifteenth street houses. The defendants, however, contended that Merriman simply agreed to lend Richardson enough money to pay his debts and complete the building, and that thereupon the plaintiff promised to resume his contract with Richardson.

In November 1877, the plaintiff also stopped work on the Sydenham street houses, on the failure of Richardson to pay him for work done, and the defendants sent their agent Mundy to Philadelphia to arrange for continuing that operation. The same contention arose as to the arrangement made by him with the plaintiff, the latter alleging that Mundy agreed, for defendants, to pay him, if he would continue the work; while the defendants claimed that the agreement was to lend Richardson sufficient money to complete the operation, and that the plaintiff then consented to go on with his contracts. After completing the work the plaintiff brought suit against the defendants for a balance due him therefor, alleging a contract on their part to pay him for the same. Before the trial H. Merriman died and a suggestion of his death was filed of record.

The plaintiff was first offered as a witness in his own behalf, but upon objection by defendant's counsel that he was incompetent on account of the death of one of the parties defendant, he was withdrawn, and notes of testimony containing his evidence at a former trial between the same parties were offered, and objected to on the ground that the plaintiff himself was in court, and as he was incompetent, the notes could not be admitted in evidence.

Objection overruled and evidence admitted. Exception. (First assignment of error.)

The nature and force of the testimony in regard to the agreements between the plaintiff and defendants is sufficiently brought out in the opinion of the Supreme Court. The defendants submitted the following points:

1. That there is no evidence in this case that there was any new or original undertaking on the part of the defendants to pay for the work or material contracted for by Francisco Richardson, and therefore the verdict must be for the defendants. Refused.

7. That under the law, a promise to pay the debt contracted by another, must be in writing, where the amount is as claimed in this case, and even if there had been such a promise made

by the defendants as alleged by the plaintiff, the same not being in writing, the verdict must be for the defendants. ·Refused.

The court charged, inter alia, as follows : " Mr. McManus testified that Mr. Merriman agreed that if he, Mr. McManus, would go on and complete his contract and furnish the materials necessary to complete these houses, that he would pay him or see that he was paid. If this was the bargain, and Mr. McManus went on and did the work in consequence of that promise, Mr. McManus is entitled to your verdict." . . . . . . .

" In regard to this (the Sydenham street row of houses) Mr. McManus' statement is that Mr. Mundy, as the agent of Mr. Merriman, waited on him and promised that if he would go on and finish his work, that we will send you the money down every week, and that on the face of that promise he went on and did the work. · If this was the transaction, the plaintiff would certainly be entitled to recover."

· Verdict for plaintiff for $4,566.86 and judgment thereon— whereupon the defendants took this writ of error, assigning for error the admission of the notes of testimony as above, the refusal of their points, and the portions of the general charge cited. .

*John H. Sloan* (with whom was *Samuel Linn*), for plaintiffs in error.—There was no abandonment of the original contracts, and the making of a new and original undertaking. Even supposing a promise to pay McManus, at the most it could only be a promise to pay another's debt, and therefore within the statute. A promise to pay the debt of another by one who was a stranger to the original consideration is within the statute, though there be a new consideration as between the promisor and promisee : Maule *v.* Bucknell, 14 Wr. 39 ; Haverly *v.* Mercur, 28 P. F. S. 257. Where the promise is collateral to a continuing liability, it is within the statute : Maule *v.* Bucknell, supra ; Townsend *v.* Long, 27 P. F. S. 143 ; Shoemaker *v.* King, 4 Wr. 107. The original debt would have to be given up, unless the promisor had assets of the debtor in his hands : Dock *v.* Boyd, 12 Norris 92 The evidence to change an existing contract relation between the plaintiff and a third party, and to prove a promise by the defendant to pay the debt of another as a new and original undertaking must be " clear and satisfactory :" Eshelman *v.* Harnish, 26 P. F. S. 97 ; Haverly *v.* Mercur, supra. It would appear under the Act of May 25th 1878, and the case of Ash *v.* Guie, 1 Out. 493, that the plaintiff was competent, and if so, the notes of his former testimony were certainly inadmissible, because the witness was present. The rule is that the notes of former testimony can

only be admitted where the witness is absent, deceased or insane : Rothrock v. Gallaher, 10 Norris 108, and cases cited. And that the subject matter must be the same : Borst v. Corey, 15 N. Y. 505.

*Edwin O. Michener* (with whom was *E. Hunn Hanson*), for defendant in error.—McManus had refused to furnish any more materials for Richardson, and Merriman agreed that if McManus would finish the work, he would pay him in a certain way then specified. The portions of the charge of the court below complained of were in reference to this state of facts, and were justified by them. The case is on all fours with Jefferson Co. v. Slagle, 16 P. F. Smith 202. The jury found, under the evidence, that there was not a contract to answer for the debt or default of Richardson, but an absolute promise by the Merrimans to pay McManus ; and that upon the strength of this promise he completed the work. These facts clearly distinguish the case from Haverly v. Mercur, 28 P. F. Smith 257.

Where the promise is to pay the promisor's own debt, that is, when he makes the debt his own, although the debt of a third party be incidentally guaranteed, the statute does not apply : Taylor v. Preston, 29 P. F. Smith 436. Where the consideration is to move directly from the person promising, the debt becomes his own, and is not the debt of another : Vandegrift v. Cassidy, 1 W. N. C. 319. The fact that the materials went into houses belonging, some of them, to Richardson, makes no difference. If McManus had furnished all the materials directly to Richardson at Merriman's request, and on his promise to pay for them, the promise would have been binding, and this is so even had McManus charged the goods to Richardson on his books : Merriman v. Liggett, 1 W. N. C. 379 ; Lefevre v. Bank, 2 W. N. C. 174 ; Weyand v. Crichfield, 3 Grant 113 ; Warnick v. Grosholz, 3 Grant 234.

Mr. Justice GORDON delivered the opinion of the court, January 22d 1883.

Two exceptions take up all the material questions in this case. The first is as to the admission of the notes of testimony containing the evidence of McManus, the plaintiff below, taken on a former trial between these same parties. McManus was first offered to testify in his own behalf, but it was objected that he was incompetent by reason of the death of one of the parties defendant. Thereupon the plaintiff's attorney acquiesced in this objection and withdrew the offer, and then, under the rule as stated in Pratt v. Patterson, 31 P. F. S. 114, the notes above-mentioned were offered and admitted. The principal

objection made to this ruling, in the court below, and on which the bill was sealed, was that the witness himself was present in court, and that he not being competent, neither were the notes of his former testimony. If this were all that could be urged against the admission of this evidence, it is obvious that the case above cited renders the objection of no account. But it is now, for the first time, urged, that under the act of May 28th 1878, McManus was in fact competent, hence, the admission of the notes of testimony was erroneous. Though we may admit the rectitude of this proposition, yet for that reason we are not prepared to reverse. The error, if such it was, was induced by the action of the defendant's counsel. They objected to the admission of the plaintiff, on the ground of his incompetency; that was acquiesced in by the plaintiff's counsel and the witness withdrawn. Then came the offer of the notes, and the exception to them, inter alia, was, not the competency of the plaintiff under the Act of 1878, but his incompetency. Conceding, however, this alleged incompetency, the court, as we have seen, could not but overrule the exception. Such being the case, the defendants must abide by the result of their own acts. The plaintiff was entitled to the admission of this evidence in one form or the other, and if they by their own act induced the erroneous ruling, they cannot be permitted to relieve themselves of the effect of their own fault by an appeal to this tribunal. We cannot agree to aid and abet in the springing of any such trap upon the court below.

The second question involves the statute of frauds. Was there evidence sufficient to submit to the jury, that the defendants entered into a contract, of an original character, and not merely as sureties of Richardson, to pay the defendant, or see that he was paid, for the work which he might thereafter do on the two sets of houses mentioned in the contracts? We think there was such evidence. The contracts between Richardson and McManus were, in effect, at an end, for without payment McManus refused, as he had a right to do, to go on with the work. Richardson, if the testimony is to be believed, was hopelessly insolvent, and the only persons who were interested in the finishing of the property were the defendants. Here, then, was a strong reason, to start with, why they should become the actors. Then we have the testimony of Francisco Richardson, that when he was no longer able to comply with his contract, " Mr. Merriman came in and made arrangements with Mr. McManus to go on and finish it and he should have his money, and also his house, when his contract was finished." He says further, " after the defendants came in and agreed to furnish the money to finish operations, McManus never called on me for money. I notified Mr. Merriman when his work was

[Merriman *v.* McManus.]

done, and that certain amounts of money were due him, and for what account and purpose the money was wanted, and the defendants furnished their checks and I paid McManus accordingly."

. This is a substantial confirmation of the plaintiff's evidence, and it is further corroborated by D. C. Richardson, and Mary Richardson.

As to the Sydenham street houses, the plaintiff testified that Mundy, the agent of the defendants, promised him, on their behalf, that if he would go on and finish up the work, his money would be sent down to him every week, and this testimony is supported by that of D. C. Richardson, as follows : " The money which I said the Merrimans advanced, in my answer to the fourth direct interrogatory, a part of it was that which D. H. Merriman, in the spring of 1877 at my house, No. 1716 North Fifteenth street, Philadelphia, promised McManus he would send through Francisco, my son, if he, McManus, would finish up the work on the twenty-one houses on Fifteenth street, south of Montgomery avenue. The balance of the money was that which Mr. Mundy, on behalf of the defendants, in my presence, at the City Hotel, Philadelphia, promised McManus he would send each week if he would finish up the work on the Sydenham street houses."

I give these partial extracts from the evidence to show, that there was that in this case which could not properly be withheld from the jury. It is true there are some discrepancies and contradictions in and of the testimony thus produced by the plaintiff, but, in my opinion, there is not enough of either to materially affect it, and, indeed, taking it as a whole, I am inclined to think that there was enough to show, and that conclusively, that in consequence of the insolvency of Richardson, the original contracts were abandoned, and that the only inducement for the re-undertaking of the work by the plaintiff was the promise of the defendants to pay him therefor.

This case is certainly as strong as that of Jefferson county *v.* Slagle, 16 P. F. S. 202. Slagle refused to deliver to Dickey, the contractor, the brick which were necessary for the new court-house, but he was induced to continue the delivery thereof, under the terms and conditions of the contract with Dickey, on the promise by the county commissioners that they would pay him, or " stand good for the pay."

In both these cases the defendants agreed to pay for what they got, and only for what they got, and that because they could get what they wanted on no other terms. Moreover, Richardson, like Dickey, was insolvent, hence, it seems to me, that to advance the idea of guaranteeing the solvency of a confessedly insolvent man, is little less than absurd.

The judgment is affirmed.