## Goodling *v.* Simon, Appellant.

*Statute of frauds—Debt of another—Promise not within the statute—Corporations—Promise by corporate officers.*

1. Whenever the main purpose and object of the promisor is, not to answer for another, but to subserve some pecuniary, or business purpose of his own, involving either a benefit to himself, or damages to the other contracting party, his promise is not within the statute of frauds, although it may be in form a provision to pay the debt of another, and although the result of it may incidentally have the effect of extinguishing that liability.

2. A promise by the president and treasurer of a corporation who are also stockholders and creditors of the corporation, to pay the debt of the company within a time stated if creditors would not further proceed against the corporation, is not within the statute of frauds.

Argued March 11, 1913. Appeal, No. 13, March T., 1913, by defendants, from judgment of C. P. York Co., Aug. T., 1910, No. 178, on verdict for plaintiffs in case of George G. Goodling and William H. Smyser, co-partners, doing business under the name of York Pattern Works, v. Martin Simon and John J. Taylor. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for promise to pay the debt of a corporation. Before Ross, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiffs for $150.34. Defendants appealed.

*Error assigned* was in refusing binding instructions for defendants.

*John A. Hoover*, for appellants.

*S. B. Meisenhelder*, with him *J. S. Black*, for appellees.

OPINION BY ORLADY, J., July 16, 1913:

The plaintiffs were holders for value of a promissory note made by the Keystone Engine and Manufacturing Company in the amount of $136.68, which matured on March 7, 1910, and payment was then demanded from the maker. The defendants in this action were respectively the president and treasurer of the Keystone Engine and Manufacturing Company, and were each stockholders and creditors of that corporation, which at the time was well known by all the parties to this action to be insolvent. The plaintiffs were threatening suit on the

note, which would force the company into a situation which would be dangerous to the interests of these defendants as stockholders and creditors of the corporation. At this juncture of the proceedings, the defendants agreed that they as individuals would pay this claim within sixty days, upon the condition that the plaintiffs would not proceed further against the corporation. This conclusion is established by the verdict. And further, that the purpose of the promise was not so much to guarantee the debt owing by the company, as to further and protect their personal interest, by enabling them to carry out their project in disposing of their individual interest in the Keystone Engine and Manufacturing Company.

The facts tending to this result were fairly submitted to the jury, though the testimony was very conflicting, the court saying: "If you believe the plaintiffs' story you will find a verdict in favor of the plaintiffs and against the defendants in the sum of $136.68, if you believe the defendants' story and necessarily disbelieve the plaintiffs' story, you will find a verdict for the defendants."

Whenever the main purpose and object of the promisor is, not to answer for another, but to subserve some pecuniary or business purpose of his own, involving either a benefit to himself, or damages to the other contracting party, his promise is not within the statute, although it may be in form a provision to pay the debt of another, although the result of it may incidentally have the effect of extinguishing that liability, is the rule laid down in many cases, and has been consistently followed by this court. See Webber & Co. v. Bishop, 12 Pa. Superior Ct. 51; Duncan v. Shaw, 17 Pa. Superior Ct. 225; May v. Walker, 20 Pa. Superior Ct. 581; Pizzi v. Nardello, 23 Pa. Superior Ct. 535; Klein v. Rand, 35 Pa. Superior Ct. 263, in which cases many authorities are cited in support of the rule as above stated. The question as to whether the consideration was profitable or unprofitable to the promisor is not material, as under the facts established

by the verdict, they secured the object they wanted by preventing action against the corporation in which they were financially interested as well as being its officers.

The judgment is affirméd.