## Mosely et al. *v.* Massiah, Appellant.

*Contracts—Oral contracts—Statute of frauds—Promise to answer for the debt or default of another—Act of April 26, 1855, P. L. 308.*

In an action of assumpsit to recover wages due on an oral contract it appeared that defendant had contracted for the renovation of his property. It also appeared that the contractor had failed to pay the plaintiffs; that plaintiffs were about to quit the job; and that defendant induced them to resume their work by promising to pay them what was past due as well as for future work. The defense was that

the promise was to answer for the debt or default of another and within the Act of April 26, 1855, P. L. 308.  (Statute of Frauds.)

Under such circumstances the promise was not a collateral undertaking within the Statute of Frauds, requiring a memorandum in writing, and a verdict for the plaintiff's will be sustained.

Where the leading object of the promisor is to subserve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another, his promise is not within the Statute.

Argued October 13, 1926.  Appeals Nos. 122, 123, 124, 125 and 126, October T., 1926, by defendant, from judgments of M. C. Philadelphia County, December T., 1925, Nos. 1110, 1111, 1112, 1113 and 1114, in the case of Samuel Mosely, Welden Clarke, George W. Williams, Oscar Moore, James Brown, v. Frederick Massiah.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ.  Affirmed.

Assumpsit for wages.  Before WALSH, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiffs and entered judgments thereon.  Defendant appealed.

*Errors assigned,* were the refusal of binding instructions and defendants motion for judgment non obstante veredicto.

*Albert T. Hanby,* and with him *Frank Bechtel, Jr.,* for appellant.

*Joseph M. Smith,* and with him *John Gilroy,* for appellee.

OPINION BY TREXLER, J., December 10, 1926:

The defendant had a written contract with Middleton to renovate a property belonging to him.  On a certain Monday, the defendant went on the premises

and was informed by the plasterers who were working there that they had not been paid their prior week's wages by their employer, Middleton, and were going to quit the job. At the trial, the several suits being tried together, the plasterers testified in substance, that the defendant told them to resume their work and he would pay them what was already due them as well as for what work they did on the building.

The case was tried by the court without a jury. The defendant argues that his promise was to "answer for the debt or default of another" and not having been evidenced by "some memorandum or note in writing signed by the parties" was not maintainable. (Act of April 26, 1855, P. L. 308.)

The lower court held that the act did not apply and we think rightly so. When the appellant promised to pay the workmen there was a definite consideration involved for the work to be performed. He was to pay them as wages, the money already owing to them and in addition thereto their regular wages. The testimony of the several workmen as to what the defendant said is not exactly alike, but there was enough to warrant the conclusion that there was a definite promise to pay what was due and what was thereafter to be earned.

The law is well settled that where the leading object of the promisor is to subserve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another, his promise is not within the Statute. Pizzi v. Nardello, 23 Pa. Superior Ct. 535, and cases cited on page 540. Kirby v. Kirby, 248 Pa. 117.

The defendant had contracted for the renovation of the house, the suspension of the work interfered with the purpose sought to be accomplished. The continuation of the job was what he was after and to further this, as stated, he offered compensation additional to

the usual wages by promising to include in such wages past wages already due. The promise was the same as if he had offered them a bonus or premium or any reward. The fact that such payment would liquidate the debt of another was merely the incidental effect of such contract and was not the assumption to answer for the debt or default of another. It was in effect the fixing of the consideration to be paid for the work which was to be done and between the parties to it was an original contract of hiring. Moreover the liability of the property to lien for the work done may have been an inducement moving the defendant to make the promise.

In Beard v. Heck, 13 Superior Ct. 390, the defendant sold timber to F. who engaged plaintiff to haul it away. F. failed, owing plaintiff for work. Defendant engaged plaintiff to complete the hauling, promising to pay for the unpaid work. The question was left to the jury and the statement by the Court was, "Did the defendant agree to pay, as a part of his agreement, this debt of Fenicle, in order to induce the plaintiff to come back and resume the hauling? If he did, then he is liable and should pay the debt. There was a sufficient consideration."

In Merriman v. McManus, 102 Pa. 102, a contractor defaulted and a sub-contracting plumber refused to proceed, whereupon one of the material men, who was to get some of the houses as part payment of his bill, agreed to pay the plumber the amount of his bill if he would complete the work. This was held to be a new agreement not within the Statute of Frauds. To the same effect is the case of Kress v. Brennan, 77 Pa. Superior Ct. 57.

The trial judge had abundant authority for the decision here rendered. The assignments of error are dismissed and the judgment is affirmed.