Paul and Russell *v.* Levitties, Appellant.

Argued October 3, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Gabriel D. Weiss,* and with him *Simon Pearl,* for appellant.

*Conrad & Middleton,* and with them *Ernest N. Votaw,* for appellee.

OPINION BY CUNNINGHAM, J., December 14, 1928:

Plaintiffs brought suit in the Municipal Court upon defendant's alleged verbal promise to pay them for

certain pieces of cut stone used in a building erected by defendant in the City of Philadelphia. Both parties agreed that the case should be tried by a judge without a jury; the trial judge found in favor of the plaintiffs in the sum of $285, with interest, and defendant has appealed.

The case turned upon two questions: First, whether the agreement sued upon was in fact made; and, second, if made, was it a promise to "answer for the debt or default of another," and therefore not actionable because of the provisions of the Statute of Frauds of April 26, 1855, P. L. 308, or an original undertaking to subserve the defendant's own interests and purposes. The court below found against the defendant on both propositions.

In addition to assigning the judgment for error, appellant complains of the admission of certain testimony, of the failure of the trial judge to answer his requests for findings of fact and conclusions of law, and of his omission to incorporate with the record a memorandum of the reasons upon which the finding was based. Subsequent to the perfecting of the appeal in this court the trial judge filed an opinion; it is now before us and in it appellant's requests are dismissed.

The material facts appearing from the pleadings and evidence are these: Under date of June 29, 1925, plaintiffs entered into a written contract with one Jacob Getzik, the contractor for the erection of defendant's building, to furnish him, for the sum of $285, with certain pieces of cut stone to be used in its construction, payment "to be made the tenth of each month for 85 per cent. of stone delivered the previous month, balance in thirty days after final delivery." The right to withhold shipments if terms of payment were not complied with was reserved. During the months of July and August approximately half of the stone contracted for was delivered, but no payments were made by Getzik on account of the contract

and plaintiff stopped the deliveries. William N. Russell, one of the plaintiffs, testified that on or about the 15th of December, 1925, he had a conversation with the defendant at the building, in the course of which the promise sued upon was made. His testimony reads: "Q. What was said by you on that occasion and what was said by Mr. Levitties? A. Mr. Levitties told me that Getzik, the contractor, was to be thrown off the job, and he wanted the stone work completed. We had to furnish our stone because it matched the other stone, and he told me to go ahead and complete the delivery and that he would pay for all the work—the whole contract. Q. What did you say? A. I said, yes, that was agreeable to me, I would go ahead and do it, and when I had it finished he could pay me for it." The remainder of the stone was shipped and used in the building.

The defendant positively denied that this conversation took place and testified that the only conversation he ever had with either of the plaintiffs was with Russell in January, 1926, and related to the furnishing of certain stone columns for the porch at a price of $115. These columns were not included in the contract with Getzik and were subsequently paid for by a check of defendant drawn to the order of plaintiffs. It was for the trial judge to pass upon this issue of fact and as there was evidence to sustain his finding we have no disposition to disturb it. We also think, upon a consideration of the whole record, that his conclusion that the promise was not within the Statute of Frauds should be sustained. He pointed out in his opinion that the defendant was desirous of having plaintiffs deliver the balance of the stone because of the fact that it would match that already furnished, and, under all the testimony, reached the conclusion that "defendant's object in entering into the oral agreement was to subserve his own interest, which he was able to accomplish by reason of his promise to

plaintiffs'' and that the promise was "an original undertaking on the part of the defendant'' to bring about the completion of the building.

This case is quite similar to that of Mosely et al. v. Massiah, 89 Pa. Superior Ct. 463. In that case the defendant was the owner of the building and had a written contract for its renovation with one Middleton, who failed to pay certain plasterers employed by him. There was evidence that when the plasterers threatened to quit the owner asked them to resume work and promised to pay them what was already due as well as for their subsequent work on the building. In the opinion, Judge TREXLER, speaking for this court, said: "The law is well settled that where the leading object of the promisor is to subserve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another, his promise is not within the Statute. Pizzi v. Nardello, 23 Pa. Superior Ct. 535, and cases cited on page 540. Kirby v. Kirby, 248 Pa. 117.'' (See also Landis v. Royer, 59 Pa. 95.) Nothing can profitably be added to what was said in these cases. The testimony admitted by the court over the objection of counsel for appellant was clearly competent as it related to the conversation between defendant and one of the plaintiffs to which we have already fully referred. Appellant's contention seems to be that, because the witness Russell, through a palpable misunderstanding of a question, stated that he did not have any conversation with the defendant subsequent to the deliveries in July and August, he should not have been permitted to correct his error. It is clear that the witness thought the inquiry was whether he had a conversation in July or August, to which he replied that he did not. The question to which appellant objects was "Did you at any time have a conversation with Mr. Levitties?'' to which the witness answered, "In December was

the only time I had a conversation with him." Upon a consideration of all the assignments we are not convinced that any of them should be sustained.

Judgment affirmed.