## Eastern Wood Products Company *v.* Metz, Appellant.

Argued April 23, 1952.   Before DREW, C. J., STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*David Freeman,* for appellant.

*Walter Stein,* with him *William A. Gray* and *Gray, Anderson, Schaffer & Rome,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, May 26, 1952:

Eastern Wood Products Company sued Benjamin Metz in assumpsit on an alleged promise by the defendant to pay a balance of indebtedness amounting to $2,435.07 due plaintiff by Dickstein Flooring Company. The case was tried without a jury and the trial judge found in favor of plaintiff in the amount of $3,342.12, being the full amount of plaintiff's claim with interest. Defendant filed exceptions which were dismissed and this appeal is from the judgment entered.

On May 6, 1941 Dickstein Flooring Company was indebted to plaintiff on an open book account in the sum of $4,678.20.   Payments on account were made totalling $2,243.13, leaving a balance due as of March 1, 1945 of $2,435.07.   In the early part of March, 1945 defendant who at the time owned all of the stock of Dickstein Company, met with Julius Herz, president of plaintiff company, to talk about the account. Plaintiff claimed and the court found that at this meeting Herz

wanted to start bankruptcy proceedings against the Dickstein Company in order to salvage the debt and that defendant agreed to pay the debt personally if Herz refrained from undertaking such proceedings. The court also found that at the same time defendant asked Herz to make some additional flooring for the Dickstein Company which Herz agreed to do. Herz refrained from instituting bankruptcy proceedings and did not try to collect the balance of the account; he manufactured the flooring but did not deliver it.

Following this interview defendant wrote a letter to plaintiff, dated March 10, 1945, in which he said: ". . . My purpose in writing this letter is to assure you that I will pay you every cent that the Dickstein Flooring Co. owes you. It might take me a year to pay you but I give you my word that I will pay it. I am making arrangements with my insurance Co., whereby I will assign you a sum of money due you so that if I die before I finish paying you my estate will pay you . . .".

The court held that the forebearance by plaintiff in not instituting proceedings was consideration for defendant's promise and also held that the letter above referred to amounted to a statement by the defendant that he intended to be legally bound so as to make the defendant's promise to pay enforceable without consideration under the Uniform Written Obligations Act of 1927.[1] Defendant's contentions here are (1) that plaintiff's oral promise to pay was the promise to pay the debt of another and unenforceable because of the

---

[1] Act of May 13, 1927, P. L. 985, §1, 33 PS §6, which provides: "A written release or promise, hereafter made and signed by the person releasing or promising, shall not be invalid or unenforceable for lack of consideration, if the writing also contains an additional express statement, in any form of language, that the signer intends to be legally bound."

Statute of Frauds;[2] (2) that the evidence in support of the oral promise was not of the quality required to take the agreement out of the statute; (3) that the letter did not contain an additional express statement that the defendant intended to be legally bound and therefore the Act of 1927 was inapplicable.

We will consider the first two contentions together. In addition to Julius Herz, the president of the company, and the defendant, Herbert C. Weinberg, plaintiff's plant manager, and Anna H. Herz, wife of Julius and treasurer of the company, were present at the interview in March, 1945. Julius Herz was deceased at the time of the trial. Weinberg testified that the interview took place prior to the time defendant's letter was written, and that the indebtedness was "the subject of the conversation". He also testified as follows: "Mr. Herz of course was talking with Mr. Metz regarding the account. The conversation between Mr. Herz and Mr. Metz was for the collection of the account. Mr. Herz said that to protect our Company he wanted to start bankruptcy proceedings. By Mr. Stein: Q. Against whom? A. Against Dickstein Flooring Company. Q. What did Mr. Metz say? A. Mr. Metz of course did not want that to happen. At that time Mr. Metz said that he would take care of the account himself. He went so far as to tell Mr. Herz not to worry about the account because he would take care of it himself if necessary, to protect it with his own life insurance. Q. Was anything said between the parties

---

[2] Act of April 26, 1855, P. L. 308, §1, 33 PS §3, which provides: "No action shall be brought . . . whereby to charge the defendant, upon any special promise, to answer for the debt or default of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him authorized."

there as to future business?  A. Of course, Mr. Metz asked us to manufacture some flooring for him.  Q. Did you manufacture flooring?  A. We did manufacture some flooring for him."  Mrs. Herz testified:  "A. Mr. Metz wanted to do some more business with our concern.  Mr. Herz of course wouldn't hear of doing any further business until the old account was cleaned up.  So he [Metz] promised to clean it up personally.  Mr. Herz said, 'All right, when that is cleaned up we will continue to do business with you and we will also not put the Dickstein Flooring Company in the state of bankruptcy or bring proceedings.' "; and on cross-examination, as follows:  "Q. When your husband said that he wanted the old account cleaned up, Metz promised to pay?  A. That's right.  Q. And the promise was that he would pay so that he would get more lumber, isn't that right?  A. Well, that, and that we would not put the Dickstein Flooring through bankruptcy."

Defendant denied the version of the conversation given by Weinberg and Mrs. Herz and claimed that he had not made any promise to pay the indebtedness as stated by them; that Julius Herz had not threatened suit and that he, Metz, was only interested in securing some flooring which he would pay for as received.  He also claimed that the conversation in question took place *after* his letter to the defendant of March 10th.

The trial judge as fact-finder resolved the issue of credibility in favor of plaintiff's witnesses, and their version was sufficiently clear and convincing to justify the finding that the defendant promised to pay the debt in consideration of plaintiff's forbearance in not instituting legal proceedings.  It was for the judge in his judicial capacity to determine the legal effect of the agreement.  We are of the opinion that he properly held that the agreement was a new undertaking supported by consideration and did not fall within the

provision of the Statute of Frauds. The agreement was not one of suretyship and the principal object of the defendant as promisor unquestionably was to protect and thus advantage himself as owner of all of the stock of Dickstein Company. "Whenever the main purpose and object of the promisor is, not to answer for another, but to subserve some pecuniary or business purpose of his own, involving either a benefit to himself, or damages to the other contracting party, his promise is not within the statute, although it may be in form a provision to pay the debt of another, although the result of it may incidentally have the effect of extinguishing that liability, is the rule laid down in many cases, and has been consistently followed by this court.": *Goodling v. Simon,* 54 Pa. Superior Ct. 125, 127. And see *Philadelphia v. Rosin's Parking Lots, Inc., et al.,* 358 Pa. 174, 179, 56 A. 2d 207, and cases cited therein.

We cannot uphold the contentions of appellant just discussed and are of the opinion that plaintiff was entitled to recover under the verbal agreement. Since the court found that the latter was entered into prior to defendant's letter to plaintiff, the letter may be considered corroborative of the agreement but not essential to plaintiff's case. Therefore it is unnecessary to consider or decide the remaining contention of defendant based upon the inapplicability of the Act of 1927.

Judgment affirmed.