## Lewis v. Sheerr

*Joseph Alessandroni*, for plaintiff.
*Spiegel & Highley*, for defendant.

KELLEY, J., May 20, 1960.—Defendant interposes two preliminary objections to plaintiff's complaint in assumpsit. The first objection is a demurrer on the ground that the action is barred by the statute of frauds: Act of April 26, 1855, P. L. 308, sec. 1, 33 PS §3. The second objection is in the form of a petition raising the defense of lack of capacity to sue: Pa. R. C. P. 1017(*b*) (5). We see no merit to either of these objections.

With regard to the demurrer, there are two reasons why the statute of frauds is inapplicable. First, the written agreement set forth in the complaint is solely between the parties hereto. The mutual promises therein bind only the parties thereto, although also purporting to bind the corporation involved in the transaction. Therefore the oral promise by defendant, relied upon by plaintiff, is not a promise to answer for the debt of the corporation but merely an additional personal undertaking by defendant.

Second, the complaint indicates very clearly that the leading object or purpose of defendant's oral promise in guaranteeing payment to plaintiff was not to answer for any liability which might fall upon the corporation but to subserve defendant's own pecuniary or business

interests as a result of his majority ownership of the corporation stock. Thus, even assuming, arguendo, that defendant's oral promise was to answer for the debt of the corporation, it is clear that it does not fall within the statute: Eastern Wood Products Company v. Metz, 370 Pa. 636 (1952) ; Garrett Motors, Inc. v. Williford, 16 Beaver 159 (1955).

Defendant's petition raising plaintiff's lack of capacity to sue relies upon the alleged fact that plaintiff petitioned for, and secured, his discharge in bankruptcy without disclosing his present claim. As a result, defendant contends that plaintiff is precluded from recovering on this cause of action. Without deciding the merits of this contention, we think it clear that defendant has misconceived the basis of Pa. R. C. P. 1017(*b*) (5). Lack of capacity to sue refers to some personal disability of a plaintiff by virtue of a statute or by reason of the fact that he is not sui juris: Wetzel v. Scranton Lackawanna Trust Co., 54 Lack. Jur. 89 (1953) ; Martz v. Gibson, 5 D. & C. 2d 227 (1955).

Defendant's contention that this cause of action belongs to the bankrupt's estate confuses the defense of lack of capacity to sue with the defense that plaintiff has no cause of action because the cause alleged resides in another: Goodrich-Amram §1017(*b*)-14. Capacity has nothing to do with the right of plaintiff to recover on the merits: Continental Casualty Co. v. Churnetski, 42 Luz. 11 (1951). Illustrations of lack of capacity include: Failure of plaintiff to register under the Fictitious Names Act of May 24, 1945, P. L. 967, 54 PS §28.1 et seq. (Dennis v. Mitchell, 10 D. & C. 2d 635 (1957) ) ; failure to register as a real estate broker (Alford v. Raschiatore, 61 York 35 (1947) ; and absence of authority of a fiduciary to sue: Bradley v. Burke, 67 D. & C. 239 (1948). Here there is no showing of any statutory or other disability on the part of

plaintiff to bring this action. The only challenge is that the cause does not reside in plaintiff. This is not a valid basis for an objection based upon lack of capacity to sue.

Accordingly, the preliminary objections to the complaint are overruled. Defendant is directed to file an answer within 20 days.