SOUTHERN WOOD PRESERVING
COMPANY, Plaintiff,

v.

Charles S. WILLS, doing business as C. S.
Wills Contracting Company, and M S
& R, Inc., Defendants.

Civ. A. No. 70–121.

United States District Court,
W. D. Pennsylvania.

Nov. 30, 1970.

Gustave W. Wilde, Pittsburgh, Pa., for plaintiff.

Michael S. Fawcett, Pittsburgh, Pa., for defendants.

OPINION

ROSENBERG, District Judge.

This matter is before me on the motion of M S & R, Inc., (MSR) to dismiss the plaintiff's amended complaint pursuant to the provisions of Rule 12(b) (6) of the Federal Rules of Civil Procedure.[1]

On or about January 23, 1969 the defendant Charles S. Wills was engaged as a general contractor for the construc-

---

1. Rule 12(b) (6) of the Federal Rules of Civil Procedure provides that among the defenses which may be raised by motion is "failure to state a claim upon which relief can be granted."

tion of a building for MSR. At that time the plaintiff submitted a proposal to Wills for the installation of a southern yellow pine floor. Wills accepted the proposal but because his "reputation and financial responsibility was unknown" the plaintiff requested and allegedly received the oral assurance of an agent of defendant MSR that MSR would pay the cost of the floor installation in the event the defendant Wills did not pay such cost to the plaintiff. Relying on this assurance the floor was installed. When Wills failed to make payment, the plaintiff initiated this diversity suit.

In support of its motion to dismiss for failure to state a claim upon which relief can be granted, the defendant MSR relies upon provisions of the Pennsylvania Statute of Frauds. 1855, April 26, P.L. 308, § 1, 33 P.S. § 3, which provides:

> "No action shall be brought whereby to charge * * * the defendant, upon any special promise, to answer for the debt or default of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him authorized."

In support of its motion, the defendant relies on Leonard v. Martling, 378 Pa. 339, 106 A.2d 585 (1954) in which the Court held that suit on a contract under the Sales Act or the Statute of Frauds which does not meet the requirements of the Statute of Frauds does not state a claim upon which relief can be granted is demurrable. Such a motion is included in the Federal Rule of Civil Procedure 12(b) (6). Continental Collieries v. Shober, 130 F.2d 631, C.A.3, 1942.

In Leonard, supra, a dentist brought suit against the brother of his patient to recover for professional services rendered to the patient on the basis of an oral guarantee by the brother for the payment of any charges which the patient might incur by reason of such dental services. The Pennsylvania Supreme Court held that this was such an action as was includable in the Statute of Frauds.

In opposition to the motion to dismiss, the plaintiff relies on Eastern Wood Products Co. v. Metz, 370 Pa. 636, 89 A.2d 327 (1952). While the factual situation in Eastern is different from the facts presently before me, reliance may be had on the general doctrine pronounced in that case. In Eastern the trial court held that the plaintiff's forebearance in not commencing bankruptcy proceedings against a third party was consideration for the defendant's promise to pay the debt of the third party in the event of default. It also held that a letter from the defendant to the plaintiff confirming this agreement amounted to a statement which in evidence corroborated the promise to pay. The Court in affirming this finding held that "We are of the opinion that [the trial judge] properly held that the agreement was a new undertaking supported by consideration and did not fall within the provisions of the Statute of Frauds." 370 Pa. at 640–641, 89 A.2d at 329, 330. The Court quoted from authority at page 641, 89 A.2d at page 330 to this effect:

> " 'Whenever the main purpose and object of the promisor is, not to answer for another, but to subserve some pecuniary or business purpose of his own, involving either a benefit to himself, or damages to the other contracting party, his promise is not within the statute, although it may be in form a provision to pay the debt of another, although the result of it may incidentally have the effect of extinguishing that liability, is the rule laid down in many cases, and has been consistently followed by this court.' Goodling v. Simon, 54 Pa.Super. 125, 127. And see Philadelphia v. Rosin's Parking Lots, Inc. et al., 358 Pa. 174, 179, 56 A.2d 207, and cases cited therein."

In Paul and Russell v. Levitties, 95 Pa. Super. 92, 96, it was stated, "The law is well settled that where the leading ob-

ject of the promisor is to subserve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another, his promise is not within the Statute."

The general principal pronounced in *Eastern*, supra, and followed by the Pennsylvania courts holds that the "statute does not apply if the main object of the promisor is to serve his own pecuniary or business purpose * * *" Acme Equip. Co., Inc. v. Alleg. Steel Corp., 207 Pa.Super. 436, 217 A.2d 791 (1966). In interpreting the Statute of Frauds, the Pennsylvania courts have favored the application of this so-called "leading object rule." Jefferson-Travis, Inc. v. Giant Eagle Markets, Inc., 393 F.2d 426, C.A.3, 1968. This rule was pronounced by the United States Supreme Court as early as 1859 in Emerson v. Slater, 63 U.S. 28, 43, 16 L.Ed. 360, where it was stated:

> " * * * whenever the main purpose and object of the promissor is not to answer for another, but to subserve some pecuniary or business purpose of his own, involving either a benefit to himself, or damage to the other contracting party, his promise is not within the statute, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing that liability."

 The rule generally is that "A promise to a contractor or a subcontractor, or to laborers or materialmen, to pay for future labor or materials for which another person has contracted but has defaulted is not within the statute of frauds where the contract is performed solely on the credit of the promisor who has a primary interest in the performance of the contract." 37 C.J.S. Frauds, Statute of § 28a. But even where primary beneficial interests do not exist, the general rule seems to be that where money is advanced, goods sold, or services rendered, etc., to one person, on the oral promise of another to be answerable therefor, the promise is not within the statute of frauds, if the promisee acts solely on the credit of the promisor. 37 C.J.S. Frauds, Statute of § 20.

 From the record in this case, it appears that the plaintiff agreed to install the flooring in a building owned by MSR only on the assurance of MSR that if Wills did not pay for the materials, MSR would do so. Based upon this credit assurance, the plaintiff proceeded to act. The defendant MSR was undoubtedly the recipient of the benefits conferred by the plaintiff, and consequently the provisions of the Statute of Frauds are inapplicable.

The motion of MSR to dismiss the plaintiff's amended complaint will be denied.