## Mondoc v. Hess

*P. Raymond Bartholomew*, for plaintiffs.

*Bernard Goldstone*, for defendants.

STRANAHAN, P. J., December 15, 1971.—This is an action in assumpsit wherein plaintiffs are seeking damages for the alleged breach of a construction contract entered into with defendants. This matter has previously been before this court upon preliminary objections of defendant Hess, said objections being in the nature of a demurrer and in the nature of a motion for a more specific pleading.

The court entered an order dated March 22, 1971, dismissing the preliminary objection in the nature of a demurrer, and granting the preliminary objection in the nature of a motion for a more specific pleading, directing that plaintiffs' pleading allege oral modification of a written contract in more specific detail.

Plaintiffs filed an amended complaint in trespass in which paragraph 5 of the original complaint was amended.

The amended paragraph reads as follows:

"5. On or about June 1, 1968 during a conference with officials of the Cortland Savings and Banking Company the parties agreed upon an oral modifica-

tion of the written agreement. Specifically, the agency status of defendant Hess was eliminated; Defendant Hess and Defendant Dragone assumed joint and several responsibility for the construction of the plaintiff's home; and Defendant Hess guaranteed that all laborers and material men would be paid before any funds were distributed to Defendant Dragone. In return plaintiffs agreed that the Defendant Hess should be named as a payee on all withdrawals from the mortgage account."

The original complaint alleges that on various dates subsequent to June 1, 1968, various amounts of money were paid to Hess Homes and Sam Mondoc and Sam Dragone. It is further alleged that R. L. Hess received money directly from plaintiff Mondoc and on other occasions defendant Dragone received money from plaintiff Mondoc.

The complaint is brought on the theory that a contract had been entered into between plaintiffs, Samuel Mondoc, Jr. and Marcella M. Mondoc, and defendants, R. L. Hess and Samuel Dragone. The original complaint and the amended complaint read together would indicate that the first agreement was between Mr. and Mrs. Mondoc and Samuel Dragone, it being a part of that agreement that Hess was merely an agent who brought the parties together.

The complaint then alleges that a subsequent oral modification was entered into by the parties whereby Hess was no longer an agent and that Hess and Dragone assumed joint and several responsibility for the construction of plaintiffs' home. It is further alleged that defendant Hess guaranteed that all laborers and materialmen would be paid before any funds were distributed to defendant Dragone. In return, plaintiffs agreed that defendant Hess should be named as a payee on all withdrawals from the mortgage account.

The preliminary objection of Hess to the amended complaint in assumpsit alleges that paragraph 5, as amended, does not state a legal cause of action against Hess, and further that the complaint on its face shows that the alleged oral modification violates the statute of frauds because said agreement was not in writing.

Directing our attention to the first position adopted by defendant, which is that the pleading does not allege sufficient consideration for the oral modification and, therefore, there is no liability, as we read the complaint it would appear that the original contract was between Mr. and Mrs. Mondoc and Dragone and that Hess occupied the position of an agent. The alleged oral modification changed Hess' position to one who would share in the profits of the contract, if there were any profits, and whose status had been changed from that of agent to a principal. He was entitled to receive money, and while that money may have been payable in a check which included the names of Mr. Mondoc and Mr. Dragone, the fact still remains that the check could not be cashed unless Hess agreed. It is further alleged that Hess received funds for the purpose of constructing and equipping the house. Based on these allegations, the court believes that the consideration for the contract was the elevation of Hess from an agent to a principal who would be entitled to share in the profits of the venture.

In return, therefore, Hess agreed to see that various materialmen were paid, and it is alleged that he failed to do this. We, therefore, conclude that the complaint does set forth a sufficient consideration to support an oral contract that could impose liability on Hess.

The next contention of defendant is that the statute of frauds, 33 PS §3, requires that the contract be in writing, since this is a promise to answer for the debt of another.

Pennsylvania has followed the "leading object" rule which is that when the leading object of the promise or agreement is to become the guarantor or surety to the promisee, for a debt for which a third party is and continues to be primarily liable, the agreement, whether made before or after, or at the time with the promise of the principal, is within the statute and not binding unless evidenced by writing. However, when the leading object of the promisor is to subserve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another, his promise is not within the statute: 16 P.L.E. 446 Frauds, Statute of, Sec. 6; Eastern Wood Products Company v. Metz, 370 Pa. 636.

Applying this rule to the present situation, it is possible that the leading object of the promise to pay the laborers and materialmen before any funds were distributed to defendant Dragone was to subserve some interest or purpose of Hess and, therefore, the statute of frauds would not apply.

It is impossible at this state of the case to determine as a matter of law whether the "leading object" rule is applicable, but there is a possibility that it might be.

We, therefore, conclude that the preliminary objections in the nature of a demurrer must be overruled. We would suggest that defendant Hess file an answer and raise the statute of frauds as new matter so that the court may again consider this proposition in light of the testimony that has developed at the time of trial.

## ORDER

And now, December 15, 1971, the preliminary objections filed in this matter are dismissed, and defendants are given 20 days from the date of this order to file any responsive pleadings that they may wish to file.