## Renan, Inc. v. PNL, Inc.

*Kenneth E. Fox, Jr.*, for plaintiff.
*Francesco Gigliorri*, for defendant.

KLEIN, J., May 15, 1974.—We have before us defendant's preliminary objections to plaintiff's complaint in mechanics' lien. The objections are a demurrer, a motion to strike off the complaint and a motion for a more specific pleading.

At the outset, we must examine the law with regard to preliminary objections in mechanics' lien cases. Said law was comprehensively set forth by Judge Davis in the case of Schwartz & Baker v. Racing, Inc., 25 Monroe 125 (1967):

"Under existing law, the proceedings in mechanics' lien cases fall into two distinct, consecutive stages: (1) filing and perfecting the claim of a mechanics' lien; and (2) instituting and prosecuting an action sur claim of a mechanics' lien. The papers relating to each stage are entered in separate dockets, kept in separate files, and bear separate designations of court term and number. Procedure for the first stage is governed exclusively by statute: Sections 501 through 510 of the Mechanics' Lien Law of 1963, 49 P.S. Sections 1501 through 1510; that for the second stage is regulated—pursuant to Sections 701 (a) and 706 (b) of the Law, 49 P.S. Sections 1701 (a) and 1706 (b)—by the Pennsylvania Rules of Civil Procedure, No. 1651 through No. 1660. Both the law and these Rules became effective on the same date, January 1, 1964. Although the Law and the Rules obviously were designed to be mutually complementary, some duplication of function arises with respect to preliminary objections. Section 505 of the Law, 49 P.S. Sec. 1505, authorizes such objections to the claim. Rule 1651 (b) provides that the Rules for assumpsit shall apply, except where otherwise specified, to actions sur claim of mechanics' lien, thus bringing into operation Rule 1017 (b) which makes preliminary objections available to any party to the

action. Except in the case of amicable actions, Rule 1653 (a) provides that the action shall be commenced by filing with the prothonotary a complaint, to which Rule 1656 (2) requires a copy of the claim to be attached as an exhibit. Pursuant to Rule 1655, service of the complaint then is made upon the defendant within the time and in the manner provided for the service of a writ of summons in an action in assumpsit. This is the first and only point in the proceedings at which service of a copy of the claim upon the defendant is required. From the foregoing outline, it is apparent that the claim is subject to attack by preliminary objection on two occasions: in the first stage, as a naked claim; and, again, in the second stage, as an integral part of the complaint. Section 505 of the Law, 49 P.S. Sec. 1505, provides that failure to file a preliminary objection in the first stage shall not constitute a waiver of the right to raise it in subsequent proceedings."

## DEMURRER

It is conceded that the claimant did not give the notice required by section 501(b) of the Mechanics' Lien Law of 1963, Act of August 24, 1963, P. L. 1175, 49 PS §1501(b). Said section requires formal notice in all cases by subcontractor. Plaintiff-claimant urges that this notice was not necessary because plaintiff was a contractor and not a subcontractor.

It is elementary and specifically provided by definition in the Mechanics' Lien Law that the essential difference between a contractor and a subcontractor is that the contractor is one who contracts with the owner and the subcontractor is one who contracts with the contractor *in connection with improvements to real estate.*

We also agree with plaintiff when it argues that *the defense* that claimant is not a contractor or subcontractor may not be raised by demurrer. Likewise, the defense of a stipulation against liens may not be raised by preliminary objection: Molinaro & Son, Inc. v. Miers, 32 Lehigh 271 (1967). However, a demurrer may be used to test *the sufficiency of a complaint.* In this case, plaintiff's allegation of *"the contract"* between it and defendant-owner is to the effect that defendant would pay plaintiff the amount due plaintiff under its contract with Apartment Builders, Inc. The exhibit attached by plaintiff to its complaint clearly establishes that it merely provided some of the material and none of the labor required by said contract. Such a contract may well render defendant liable to plaintiff in an action of assumpsit but the question before us is whether it constituted a contract for improvements to real estate. It does not. It involves a promise to answer for the debt of another. Therefore, plaintiff, by its complaint, establishes that it is a subcontractor and not a contractor so far as the Mechanics' Lien Law is concerned.

The right to a mechanic's lien is purely a creature of statute, and it is only available if the conditions of the Legislature are strictly followed: Brann & Stuart Co. v. Consolidated Sun Ray, Inc., 433 Pa. 574 (1969); Murray v. Zemon, 402 Pa. 354 (1960).

In its demurrer, defendant also urges that the promise to answer for the debt of another must be in writing to be enforceable. And, since such involves a nonwaivable statute of frauds, (Act of April 26, 1855, P. L. 308, 33 PS §3), it may be raised by preliminary objection. However, the Supreme Court in Eastern Wood Products Co. v. Metz, 370 Pa. 636 (1952), in

approving the holding of the court in Goodling v. Simon, 54 Pa. Superior Ct. 125 (1913), held that:

"Whenever the main purpose and object of the promisor is, not to answer for another, but to subserve some pecuniary or business purpose of his own, involving either a benefit to himself, or damages to the other contracting party, his promise is not within the statute, although it may be in form a provision to pay the debt of another, although the result of it may incidentally have the effect of extinguishing that liability, is the rule laid down in many cases, and has been consistently followed by this court."

Defendant also urges that the alleged contract is subject to the statute of frauds dealing with the conveyance of interests in land: 33 PS §1. This theory, as we understand it, is as follows:

The contract involved the possibility of a lien on land; a lien on land is an "interest" in land; therefore the contract is subject to said statute of frauds. Leaving aside for this purpose the fact that the defense of said statute of frauds may not be raised by preliminary objection, we are unimpressed by defendant's circuitous reasoning and unconvinced of the deductive conclusion. By definition, a lien cannot be an estate or legal interest in land. A "lien" is not a property in or right to the thing itself, but constitutes a charge or security thereon Webster's Third International Dictionary and Black's Law Dictionary, 3rd ed.

Therefore, we cannot sustain the demurrer on the basis of the statute of frauds.

"But if there is any doubt as to whether the demurrer should be sustained, such doubt should be resolved in favor of refusing to enter it": Hoffman v. Misericordia Hospital, 439 Pa. 501 (1970).

However, since the record before us establishes

that plaintiff is a subcontractor and failed to give the formal notice required, the demurrer must be sustained.

## MOTION TO STRIKE

Defendant's motion to strike off the complaint due to lack of conformity with the law must be sustained because of the failure to give the formal notice required of subcontractors.

## MOTION FOR MORE SPECIFIC PLEADING

Defendant has also objected to the complaint because it does not allege when and where the alleged contract was entered into, the consideration for same and specificity as to the work performed, etc.

We conclude that the complaint is sufficiently specific as to the consideration and the work performed but is not with regard to the time and place the alleged contract was consummated. Pennsylvania Rule of Civil Procedure 1019(f) requires that averments of time and place shall be specifically stated.

## ORDER

And now, May 15, 1974, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that defendant's preliminary objection in the nature of a motion to strike off the complaint because of lack of conformity to law be, and it is hereby, granted; that defendant's preliminary objection in the nature of a motion for a more specific pleading be, and it is hereby, sustained consistent with the foregoing opinion; and that defendant's preliminary objection in the nature of a demurrer be, and it is hereby, sustained and the complaint in mechanic's lien is dismissed.

It is further ordered and directed that the mechanics' lien entered at the above-captioned number and term in the Mechanics' Lien Docket be, and it is hereby, ordered stricken.