SAMUEL NEWMAN v. S. D. NEWMAN AND ED.
MOREHEAD.

#### No. 321.

STATUTE OF FRAUDS — *Void Guaranty.*  Where goods are sold to a
purchaser at the verbal request of another, and upon his oral
promise to pay for them if the purchaser does not, such request
and promise constitute the maker thereof a guarantor of the in-
debtedness thus created, and the promise, not being in writing, is
void under the statute of frauds.

Error from Jackson district court; LOUIS A. MY-
ERS, judge.  Opinion filed April 8, 1898.  Reversed.

*Hayden & Hayden,* for plaintiff in error.

*James H. Lowell,* for defendants in error.

The opinion of the court was delivered by

WELLS, J. : The material question in this case is, Where goods are sold to a third party at the request of another, upon his promise to pay for them if the purchaser does not, is the indebtedness thus created a primary liability of the person making such request and promise, so as not to be included in the provisions of section 6 of the statute of frauds (Gen. Stat. 1897, ch. 112, § 6) ?

The American and English Encyclopedia of Law, vol. 8, pp. 678, 679, gives the following rule : "Where goods, money or services are furnished to a third person, at the request and on the credit of the promisor, the undertaking is clearly original. But if it is contemplated that the third person shall become liable for them at all, the promise is collateral ; and the fact that the liability upon which the creditor relied chiefly was that of the promisor is immaterial."

Beach, in his Modern Law of Contracts, vol. 1, § 510, gives the following :

"In case one says to another, 'Deliver goods to A. and I will pay you,' it is an original promise, and the promisor is liable without putting it in writing ; but if he says 'I will see you paid,' or 'I will pay if he does not,' or uses equivalent words, showing that the debt is in the first instance the debt of A., the undertaking is collateral, and not valid unless in writing."

From these and numerous other authorities, it is clear that the above question must be answered in the negative. From the pleadings and evidence, it is evident that Newman was simply a guarantor of the Walters and McAnerney accounts, and the guaranty, not being in writing, was void under the statute of frauds. The verdict not being sustained by the evi-

dence, a new trial should have been granted; and under these circumstances a review of the other allegations of error is not necessary.

The judgment of the court below will be reversed, and that court is directed to grant a new trial of the cause.