# THE SUPREME COURT

OF

# PENNSYLVANIA.

209     1|
d 31 SC 134|

209     1
35 SC 270

## Pizzi v. Nardello, Appellant.

*Statute of frauds—Writing—Principal and surety.*

A promise by a surety in a building contract to a subcontractor, that if the latter will go on with the work which the surety is compelled to complete he, the surety, will pay the subcontractor for work which the latter had already performed but for which he had not been paid by the contractor, need not be in writing under the statute of frauds.

Argued March 23, 1904. Appeal, No. 9, Jan. T., 1904, by defendant, from judgment of Superior Ct., Oct. T., 1903, No. 38, affirming judgment of C. P. No. 1, Phila. Co., June T., 1902, No. 2911, on verdict for plaintiff in case of Enrico Pizzi v. Joseph Nardello. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from Superior Court. See 23 Pa. Superior Ct. 535.

*Error assigned* was the judgment of the Superior Court.

*William Gorman*, for appellant.

*Henry K. Fries*, for appellee, was not heard.

PER CURIAM, April 11, 1904:

Pizzi, the plaintiff, was engaged with two others, Frank and Ruhland, in work at certain houses in Philadelphia. For the work he did, stone masonry, Pizzi was to get forty-five cents per

perch.   They failed and the work stopped.   Nardello who was
surety on their contract had to take up the work and finish it ;
he wanted Pizzi's help as a mason, and said to him, " Now Pizzi
if you will go on with this work I will pay you what is coming
to you for what you have already done, and I will pay you
fifty cents a perch for what you do for me for the balance of
the work."   Under this promise Pizzi went on and finished
his part of the masonry.   His whole bill amounted to some-
thing over $700.   Nardello flatly denied any such promise and
averred the debt was wholly one of Frank and Ruhland.   We
do not concern ourselves with the contradictions in the evi-
dence ; the verdict establishes the truth of the matter and that
is, that Pizzi's statement of the promise to him by Nardello is
true.   Then we have the fact that the original debt was Frank
and Ruhland's and Nardello to induce Pizzi to continue work
promised orally to pay it.   Standing by itself, this promise, un-
der the statute of frauds, could not be enforced.   It is a
promise to pay the debt of another not in writting.   But is it
the debt of another within the meaning of the statute ?   Pizzi
supplements his proof of the promise by evidence that Nardello
had become answerable for the engagements of Frank and Ruh-
land as surety for them under their contract and to induce him,
Pizzi, to go on with his part of the work, that he Nardello might
be relieved from his indebtedness as surety, he made the prom-
ise and thus made the original debt his own.   It may be
conceded that the decisions under the act are apparently not
always in harmony, and this was noticed by Justice STRONG in
Maule v. Bucknell, 50 Pa. 39, when it appeared that within
ten years after the passage of the act of 1855 the numerous
decisions under it were already apparently conflicting.   This
court speaking through him in that case says :

" It will be found after examination that in nearly all the
decisions in which it has been held that such a promise is not
within the statute, there was some liability of the promisor, or
his property independent of his express promise or that he had
become the actual debtor, so that as between him and the orig-
inal debtor the superior liability was his."

And this test of the legal liability of the promisor notwith-
standing the statute has been maintained through all the many
cases since.   So in this case, if Nardello's promise was made

because of a benefit to be derived to himself from Pizzi's work, the debt became his own because the liability was his own.

All the assignments are overruled and the judgment of the Superior Court is affirmed, for the reasons given in the opinion of that court.