No. 9744.

MOON v. GREENLEE, ET AL.

Decided January 10, 1921.    Rehearing denied March 7, 1921.

Action against the owner of mining property to recover wages for labor on the property performed for a lessee. Judgment for plaintiffs.

*Affirmed.*

1. FRAUDS—*Statute of—Debt of Another.* Where one, to promote his own interest, promises to pay the debt of another, the transaction constitutes an original contract, and is not within the statute of frauds.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. BARNEY L. WHATLEY, for plaintiff in error.

Mr. E. L. CLOVER, for defendants in error.

MR. JUSTICE TELLER delivered the opinion of the court.

THE defendants in error, in their own right, and as assignees of four miners, brought suit against plaintiff in error to recover certain wages alleged to be due to the various parties, all of whom had been employed by The Bald Mountain Mines Company. Said company had a bond and lease on a mining property in Summit County, of which property the plaintiff in error was the owner.

The complaint alleges that the parties had refused to re-

turn to work unless their wages were paid, and that on or about November 10, 1917, the defendant "then and there promised the said several parties that if they would return to work for the said corporation that, in consideration thereof, he would pay the said several parties their wages then due and what might accrue in the future; that in consideration of said promises and assurances on the part of the said defendant, then and there made, the said parties, and all of them, did return to work for the said corporation, and continued to work until the 24th day of November, 1917, when they and each of them were ordered by the said defendant to cease work."

The defendant in the action plead the statute of frauds, alleging that the promise counted upon was the promise to pay the debt of another, and void because not in writing.

Upon the trial of the cause there was testimony to support the allegations of the complaint, and to the effect that, when Moon learned that the miners had not been paid, and that in consequence thereof they were refusing to return to work, he said, in the presence of all of them, that he was interested in the property, and wanted it developed; and that, if they would return to work, he would pay the wages then due, and for such work as they might thereafter do. One witness testified that Moon said that if the men would take out another car of ore he would pay the full amount of their wages. They all testified that they returned to work because of these promises.

The defendant denied that he had made any such agreement in November, but admitted that he had made an agreement of that kind in October, after which, however, the company paid the men.

The court found for the plaintiff and entered judgment accordingly.

Plaintiff in error urges that the complaint does not state a cause of action upon an original agreement by plaintiff in error to pay the wages. We do not agree with this contention; the facts alleged constitute an original promise.

The case turns, then, upon whether or not, under the

evidence, the defendant was bound upon an original contract. Every case in which the question here presented is involved depends, of course, upon the facts of that case. The test is whether or not a promise has been made as a surety of some debtor, or as an original undertaking by the promisor. In *Nugent v. Wolfe,* 111 Pa. 471, 4 Atl. 15, 56 Am. St. Rep. 291, it is said:

"It is difficult, if not impossible, to formulate a rule by which to determine in every case whether a promise relating to the debt or liability of a third person is or is not within the statute; but, as a general rule, when the leading object of the promise or agreement is to become guarantor or surety to the promisee, for a debt for which a third party is and continues to be primarily liable, the agreement, whether made before or after, or at the time with the promise of the principal, is within the statute, and not binding, unless evidenced by writing. On the other hand, when the leading object of the promisor is to subserve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another, his promise is not within the statute."

In *Pizzi v. Nardello,* 209 Pa. 1, 57 Atl. 1100, it was held that a promise made by a surety for an original contractor to pay a subcontractor an amount due, and whatever might become due, for the purpose of inducing him to complete the work, he having refused to do so without such assurance, was a promise for the benefit of the promisor, and not within the statute; and such a promise is good though the original debtor is not released.

*McLaughlin v. Austin,* 104 Mich. 489, 62 N. W. 719, is to the same effect.

In *Fitzgerald v. Morrisey,* 14 Nebr. 198, 15 N. W. 233, it is held that a promise by a contractor to pay a laborer, who was working for a subcontractor, for work already done, in consideration that he would continue the work, is not within the statute, if the purpose was to gain some benefit for, or promote the interest of the promisor, and not to become a guarantor or a surety.

*McKeenan v. Thissel,* 33 Me. 368, is directly in point. There a promise of an owner to pay past wages and future wages to laborers employed by a contractor, if they would continue the work, held not within the statute.

In *Mitchell v. Beck,* 88 Mich. 342, 50 N. W. 305, the principle is stated in another way. That is that if a promise is not given to secure credit for the debtor, but for the benefit of the promisor, the contract is original. The same rule is announced in *Spelts v. Anderson,* 67 Colo. 63, 185 Pac. 468.

From the record it clearly appears that plaintiff in error, being interested in the property and desiring to have it developed, made the promise to promote his own interest. This brings the case within the rule laid down in the cases cited, and in many other cases.

Counsel for plaintiff in error urge that the parties in whose interest the suit was brought did not release the mining company. This, however, is not material.

Plaintiff in error, having for his own benefit, contracted to pay the men, has no cause to complain that the mining company was not released.

The case was tried to the court, and the evidence fully justifies the findings and judgment. The judgment is accordingly affirmed.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE BURKE concur.