## No. 11,500.

SEAL *v.* COLORADO COAL AND LUMBER CO.

Decided March 1, 1926.   Rehearing denied March 29, 1926.

Action to recover for goods sold and delivered.   Judgment for plaintiff.

### *Reversed.*

### *On Application for Supersedeas.*

1.   STATUTE OF FRAUDS—*Debt of Another—Oral Promise.*   Where defendant said concerning lumber purchased by another: "If he doesn't pay for it, I will," it is held that this was not an original undertaking, but a collateral promise and within the statute of frauds.

2.   *Goods Delivered to Another.*   Under the statute of frauds, whether one by an oral promise becomes liable for goods delivered to another depends upon the facts of the case.   The test is whether or not a promise has been made as a surety of the debtor or as an original undertaking by the promisor.

*Error to the District Court of Washington County, Hon. L. C. Stephenson, Judge.*

Mr. HAROLD G. KING, for plaintiff in error.

Mr. FRANK D. ALLEN, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action to recover the sum of $454.60 and interest for goods sold and delivered upon an alleged verbal contract. The defendant pleaded that the contract was a collateral agreement, and invoked the statute of frauds. Upon trial to the court, without a jury, the issues were found for plaintiff and judgment was entered accordingly. Defendant sued out this writ and applies for a supersedeas.

Error is assigned to the trial court's overruling defendant's motion for a nonsuit. That assignment presents the following question: Was the contract between plaintiff and defendant an original undertaking on the part of defendant, or was it a collateral agreement which, not being in writing, would be void under that part of the statute of frauds, section 5111, C. L. 1921, reading as follows: "In the following cases every agreement shall be void, unless such agreement, or some note or memorandum thereof, be in writing, and subscribed by the party charged therewith: * * *. *Second.* Every special promise to answer for the debt, default or miscarriage of another person."

The defendant in error points out that the witness Kliewer, plaintiff's manager, testified that he sold the goods, consisting of lumber, to the defendant; that defendant ordered building materials, fencing "and anything that might go into the improvement of the place." This testimony is explained and modified by cross-examination. On cross-examination Kliewer testified

that defendant said "he had sold a place on contract to Mr. Whitlatch, * * * and that he (defendant) would have to have some material for a house and sheds, * * * and that he (Whitlatch) was out of money." Kliewer further testified as follows: "Mr. Seal (defendant) said he would have to have this lumber on his place in order to make the sale stick because he sold the place to Mr. Whitlatch on contract and unless he had some way to get the buildings he couldn't stay by his contract, Mr. Whitlatch couldn't stay by his contract; that he was letting him have cattle and hogs on shares and he was out of money and he says, if you will let him have this lumber if he doesn't pay for it, I will, because if he doesn't pay for this place, I will get the place and I will be benefited, and if he doesn't pay for it I will."

The words "let him have this lumber" seem to indicate that the defendant contemplated plaintiff's selling the material to Whitlatch, and not to himself. As to the words "if he doesn't pay for it, I will," in *Newman v. Newman,* 7 Kan. App. 77, 52 Pac. 908, it was held that an agreement in such words constitutes a guaranty and not an original undertaking.

The plaintiff's evidence further shows that two weeks after the conversation with defendant, Whitlatch came to plaintiff's manager and showed the latter a letter written by defendant wherein defendant writes to Whitlatch: "You can get anything you want to at Wm. Kliewer's yard. I saw him and it is all O. K." This statement by defendant is perfectly consistent with a contract of guaranty.

The material was delivered to and hauled away by Whitlatch. Plaintiff's books of original entry purport to show that the goods had been sold to Whitlatch. The ledger accounts also purport to show this. On the ledger account, plaintiff's manager wrote the words "Guaranteed by Clyde V. Seal." Plaintiff's witness also testifies that after the delivery of the lumber he remarked to a

fellow-employe: "Seal owns the place, and he guaranteed this bill." He further testified as follows:

"Q. Now why do you say that it was guaranteed by Clyde V. Seal?

"A. Because he agreed to pay for it if Whitlatch wouldn't."

The plaintiff's witness also admitted on cross-examination that he inferred from the circumstances surrounding the transaction that he, or plaintiff, was to try to collect pay for the material from Whitlatch before going to Seal (defendant). The plaintiff took a note and mortgage from Whitlatch for the goods in question. Plaintiff later sought to collect from Whitlatch, and he then saying that he could not pay the bill, plaintiff thereafter went to defendant, and, according to plaintiff's evidence, defendant said: "Well, I stood good for this."

We have above noted substantially all of plaintiff's evidence. To recite further details would not show a different situation.

In *Moon v. Greenlee,* 69 Colo. 482, 195 Pac. 1100, we said: "Every case in which the question here presented is involved depends, of course, upon the facts of that case. The test is whether or not a promise has been made as a surety of some debtor, or as an original undertaking by the promisor."

In *Wagner v. Hallack,* 3 Colo. 176, it was said that book entries, standing alone, prima facie, are an admission that the goods were furnished on the credit of the party named therein. In the instant case not only did the book entries indicate credit to Whitlatch but also that defendant was a guarantor.

Defendant's expression "I stood good for this," taken in connection with his statement "if he doesn't pay for it, I will," indicates that his promise was to stand good for the debt of Whitlatch and not for a debt of his own.

The evidence in the instant case shows a contract of guaranty, and is insufficient to sustain a finding that de-

fendant's agreement was an original undertaking. Being a collateral promise, it was within the statute of frauds which defendant pleaded. The court erred in denying defendant's motion for a nonsuit.

The judgment is reversed and the cause remanded with directions to enter judgment for defendant.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.