Philadelphia *v.* Eglin's Garages, Inc., Appellant.

Philadelphia *v.* Safe System Garages, Inc., Appellant.

Philadelphia *v.* Sley System Garages, Appellant.

Argued April 15, 1941. Before SCHAFFER, C. J.,
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Earl Jay Gratz,* for appellants, Nos. 139 and 163.

*Marshall A. Coyne,* with him *Gustave F. Straub* and
*David J. Smyth,* for appellant, No. 167.

*Abraham L. Shapiro,* with him *Abraham Wernick,*
Assistant City Solicitors, and *Francis F. Burch,* City
Solicitor, for appellee.

PER CURIAM, April 21, 1941:

In each of these three suits, brought to recover taxes
due by operators of open parking lots pursuant to the
ordinance of July 21, 1937,[1] judgment was entered for
want of a sufficient affidavit of defense. The appeals

---

[1] City Ordinances 1937, p. 391.

from those judgments were argued together here. The matters averred in defense were the subject of consideration in *Philadelphia v. Samuels* and *Sley System Garages*[2] *v. Philadelphia*, 338 Pa. 321, 12 A. 2d 79; we have again considered them in the light of the arguments presented, and for the reasons stated in the opinion referred to, find the affidavits of defense insufficient. A word may be added. The statute authorizes the city to tax the parking transaction for revenue purposes. Proof of the averments of loss contained in paragraph 7 of the affidavits in Number 139 and Number 163 respectively, and of paragraph 9 of Number 167, would not establish confiscation even if we should assume, for purposes of argument, the relevancy of the inquiry; this follows because the losses averred might be avoided by increasing the rate charged for the service or by reducing operating expenses or by making changes in other respects. Moreover, it may well be that an operator conducting open parking lots in a number of places in the city, as some of them do, makes a profit in some and sustains losses in others; if he chooses to have the profitable places carry those that are unprofitable he will not be heard to say that his property has been confiscated. In any view, therefore, the averments of loss referred to are not sufficient to sustain the charge of confiscation assumed to be relevant.

No. 139—Judgment affirmed.

No. 163—Judgment affirmed.

No. 167—Judgment affirmed.

Mr. Justice MAXEY did not participate in the decision of these appeals.

---

[2] Present appellant in No. 167.