## Philadelphia, Appellant, *v.* Rosin's Parking Lots, Inc., et al.

Argued December 4, 1947. Before MAXEY, C. J., LINN, STERN, PATTERSON and JONES, JJ.

*Abraham Wernick,* Assistant City Solicitor, with him *Frank F. Truscott,* City Solicitor, for appellant.

*Nathaniel S. Hyman,* for appellees.

OPINION BY MR. JUSTICE LINN, January 5, 1948:

The City of Philadelphia sued to recover $9,076.46 from four defendants, Rosin's Parking Lots, Inc., and three individuals, Charles Rosin, David Rosin and Henry Rosin.

By ordinance [1] of July 21, 1937, the City imposed an excise tax of 10% of gross receipts from automobile parking on open parking lots. The ordinance provided for reports to the Department of Public Works, Bureau of Highways, by the operators of such lots and for the payment and collection of the taxes, with interest and specified penalties for default. Section 4 provided: "All such taxes shall be recoverable by the City Solicitor as other debts of like amount are now by law recoverable."

The complaint avers that prior to December 31, 1938, the individual defendants operated parking lots "individually and later as Rosin Brothers" and filed returns under the ordinance; that on or about December 31, 1938, the individual defendants "organized" "Rosin's Parking Lots, Inc." which operated the parking lots and filed returns. These returns should show the amount of

---

[1] City Ordinances for 1937, p. 391. The Ordinance was considered in *Philadelphia v. Samuels,* 338 Pa. 321, 12 A. 2d 79; and in *Philadelphia v. Eglin's Garages, Inc.,* 342 Pa. 142, 19 A. 2d 845.

taxes admitted to be owing from time to time by the respective parties. The complaint avers that "On or about the 31st day of May, 1941,[2] an oral agreement was entered into by and between the said three individual defendants, on behalf of themselves and the corporation, and Abraham L. Shapiro and Abraham Wernick, Assistant City Solicitors, that if the City of Philadelphia would withhold any legal proceedings for the collection of the entire indebtedness due from all the individual defendants and the said corporate defendant and take no steps to terminate the permit for the operation of the said parking lots, the said individual defendants, on behalf of themselves and on behalf of the corporate defendant, would pay the entire indebtedness of $9,464.58, due from all the defendants at that time, in the following manner:

"$138.12 at that time; and the balance of $9,326.46 in monthly payments of $125.00 until the entire indebtedness is paid in full."

The City avers that the specified sum of $138.12 was paid and that a receipt acknowledging the payment and setting forth the terms of the agreement pursuant to which the payment was made, was executed by the Receiver of Taxes and delivered to and accepted by the defendants. It is also averred that on October 15, 1941, the sum of $250.00 was paid and a similar receipt was issued by the Receiver of Taxes. Copies of both papers are made part of the complaint. This suit is for the balance unpaid with interest and penalties.

Preliminary objections to the complaint were filed by the individual defendants. The case was heard on the objections and the court made the following order: "Defendants' preliminary objections 3(a) and 3(b) are sustained. The complaint is dismissed as to the individual defendants." The city appeals from that order.

---

[2] Another averment (paragraph 5) and Exhibit A show that this date was erroneously stated for April 17, 1941; for the purposes of the decision this error is immaterial.

The objections sustained were thus stated by defendants: "3. The alleged oral agreement made by the defendants with Abraham Wernick and Abraham L. Shapiro, assistant city solicitors, is not a valid contract binding either the City or the defendants in that.

"(a) There was lack of consideration in that the City was not bound by the promise to withhold legal proceedings.

"(b) The city was not a party to the agreement."

The learned court held, as we understand the opinion filed in support of its order, that the assistant city solicitors had no authority to make the agreement.

The city contends that as the ordinance directed the taxes to be recoverable "by the City Solicitor as other debts of like amount are now by law recoverable" and as attached to and made part of the complaint were the two receipts issued by the Receiver of Taxes, one of which stated the substance of the oral agreement, the right to recovery alleged in the complaint was something more than a mere averment of a contract made by the assistant city solicitors, and, on the contrary, constituted a contract enforcible by the city against the defendants.

Defendants' argument is they are not bound by the agreement because the City is not bound.

It may be conceded for present purposes that the agreement was illegal, but the lack of power to give time to these defendants for the payment of these taxes is not a legal justification of their refusal to pay and therefore is not ground for demurrer. Their promise to pay was for the benefit of all the taxpayers of the city, not for the accommodation of the assistant city solicitor or the receiver of taxes. The case is not within the general rule prohibiting recovery for breach of an illegal contract as in *Kuhn v. Buhl*, 251 Pa. 348, 96 A. 977, and cases of that class. Section 601, Restatement, Contracts, provides: "If refusal to enforce or to rescind an illegal bargain would produce a harmful effect on parties for

whose protection the law making the bargain illegal exists, enforcement or rescission, whichever is appropriate, is allowed." To protect the taxpayers the court would refuse to enforce this contract against the city. But the operation of the rule stops when the reason for the rule no longer exists. A different question is presented when the protection and the benefit of the taxpayers of the City requires the enforcement of the promise from which the promisor asks relief on the ground of illegality. Then the defaulting party may not have the benefit of the rule. The application of the principle is shown in illustration 2 to section 601. "A, a municipality, enters into a bargain with B, a corporation in which the official of A who enters into the bargain on A's behalf is a shareholder. The formation of such bargains is made criminal by statute. B gives a bond to A to secure performance of the bargain. The bargain is defectively performed. A can get judgment on the bond." The principle is also illustrated in our cases, among them: *First National Bank of Greencastle v. Baer,* 277 Pa. 184, 120 A. 815; *Levine v. Pittsburgh State Bank,* 281 Pa. 477, 127 A. 68; *First Natl. Bank of Hooversville v. Sagerson,* 283 Pa. 406, 129 A. 333; *Bangor Trust Co. v. Christine,* 297 Pa. 64, 146 A. 545; *Warren Natl. Bank v. Jamieson,* 301 Pa. 45, 151 A. 672; *First National Bank v. Singer,* 322 Pa. 207, 185 A. 647; *First National Bank of Bangor, to use, v. Beck,* 325 Pa. 117, 188 A. 909.[3] See Williston, Contracts, sections 1628 to 1632.

---

[3] The bank cases are explained in Williston, Contracts, section 1632, as follows: "Thus, for the security of depositors and others, banks are prohibited from entering into certain kinds of loans or purchases. When a transaction of this sort has been entered into, however, should the corporation be refused a right of recovery the result would be the impairment of the assets of the bank—the very result which the law seeks to prevent, and, therefore, the bank is allowed to recover. And since it is a sufficient mark of illegality for a transaction to have a strong tendency to violate public policy even though its actual performance has had no harmful effects so far as

Another matter should be mentioned. The complaint is not a model pleading. From what was stated at the oral argument and appears on page 7 of appellant's brief, we understand the transactions involved additional facts not alleged in the complaint. The Statute of Frauds provides that "No action shall be brought whereby . . . to charge the defendant, upon any special promise, to answer for the debt or default of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him authorized." Act of April 26, 1855, P. L. 308, 33 P. S. 3. It has been held that a writing is not necessary and that the case is not within the statute when the principal object of the promissor is to advantage himself instead of another: see *Nugent v. Wolfe,* 111 Pa. 471, 4 A. 15; *Kirby v. Kirby,* 248 Pa. 117, 93 A. 874; *Corcoran v. Huey,* 231 Pa. 441, 80 A. 881; *Pizzi v. Nardello,* 209 Pa. 1, 57 A. 1100; *Kress House Moving Co. v. Brennan,* 77 Pa. Superior Ct. 57; *Mosely v. Massiah,* 89 Pa. Superior Ct. 463; Restatement, Contracts, section 184; Restatement, Security, section 93.

The fact that the agreement of the individual defendants was oral is therefore not enough to sustain judgment for them. If it appears that they made this agreement to save themselves from judgment and execution in the circumstances referred to in the brief, it may be an original undertaking. The plaintiff should have leave to amend.

Order reversed. Leave is granted to the plaintiff to amend the complaint within 30 days after the return of the record.

---

executed: 'Public policy requires that a person who for the accommodation of the bank executes an instrument which is in form a binding obligation, should be estopped from thereafter asserting that simultaneously the parties agreed that the instrument should not be enforced.' "