Roxy Auto Company, Appellant, v. Moore.

Argued September 30, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Morton S. Gorelick*, with him *Sylvan C. Balder*, and *Blanc, Steinberg, Balder & Steinbrook*, for appellant.

*Samuel Melnick*, for appellee.

OPINION BY GUNTHER, J., January 17, 1956:

Judgment was entered against defendant upon an instalment sale contract for an automobile which she purchased from plaintiff. Defendant had executed two contracts for this purchase, one to a credit agency which was financing part of the sale price, and the other to plaintiff for the balance. Defendant paid the first contract in full and received the certificate of title to the automobile. Plaintiff then entered judgment on the second contract. Defendant filed a petition to open judgment and a petition to strike the judgment. The court below, after depositions were taken, dis-

charged the rule to open, but made absolute the rule to strike, and plaintiff has appealed.

The court below held that the judgment was void on its face because it was in violation of the Motor Vehicle Financing Act of June 28, 1947, P. L. 1110, 69 PS 601 et seq. Section 14 of that Act, 69 PS 614, provides that an instalment sale contract for a motor vehicle must contain the cash price, down payment, the trade-in value, if any, cash balance, insurance costs, finance charges, amount and time of instalments, and several other items. This contract contains only the cash price and the amount and time of the monthly instalments. The spaces for the other information required by law are blank. It is patent, therefore, that the contract is not in compliance with the law. The court below invoked the rule of law that "if refusal to enforce or to rescind an illegal bargain would produce a harmful effect on parties for whose protection the law making the bargain illegal exists, enforcement or rescission, whichever is appropriate, is allowed." *Holst v. Butler,* 379 Pa. 124, 131, 108 A. 2d 740. *Phila. v. Rosin's Parking Lots, Inc.,* 358 Pa. 174, 56 A. 2d 207. The Motor Vehicle Financing Act was enacted for the protection of the purchaser of automobiles against the unscrupulous practices of some motor vehicle dealers, so that defendant falls within the category of persons in whose favor the above rule of law may be invoked. Although defendant's petition did not specifically allege the Act as the basis for striking the judgment, the court may of its own motion strike a judgment void on its face. *Loprete v. Langcliffe Collieries, Inc.,* 67 D. & C. 438.

Judgment affirmed.

Ross, J., dissents.