## Lavin v. Bingnear

*Melvin G. Levy*, for plaintiffs.

*John A. Reilly*, for defendants.

DIGGINS, J., April 25, 1956.—This is an action in ejectment seeking to recover possession of premises known as 240 West Twenty Second Street, Chester, Delaware County, Pa. The complaint avers that a deed was executed and delivered to husband-plaintiff on October 9, 1947, by Suburban Counties Realty Corporation and that some years later, to wit, March 18, 1954, plaintiffs, having become married, conveyed the property to themselves in order to vest title in them as tenants by the entireties. Plaintiffs claim an indefeasible title in the property and the right to possession thereof.

Plaintiffs claim that defendants are in possession by sufferance and under an obligation to pay the carrying charges in lieu of rent and to surrender possession upon demand of plaintiffs. Defendants deny this, alleging that plaintiff exercised his rights under the G. I. Bill for the benefit of defendants and that they were to retire the obligation and have all of the benefits of ownership.

Since this is a plaintiffs' motion for judgment on the pleadings, the allegations made by defendants must be accepted as true for this purpose. By stipulation filed, it is agreed that when plaintiff, James J. Lavin, purchased the premises, he did so under the Servicemen's Readjustment Act, more commonly known as the G. I. Bill of Rights. Defendants argue that since the record shows an illegal transaction, the parties do not come with clean hands and the court should leave them where it finds them.

Concededly, from time immemorial, the law under such conditions has been that a party to an illegal bargain can neither recover damages for breach thereof nor by rescinding the bargain recover for performance that he has rendered thereunder or its value, to which there have always been certain exceptions. One such exception with which we are concerned here is set forth in the A. L. I. *Restatement of the Law of Contracts* §601, as follows:

"If refusal to enforce or to rescind an illegal bargain would produce a harmful effect on parties *for whose protection the law making the bargain illegal exists*, enforcement or rescission, whichever is appropriate, is allowed." (Italics supplied).

That the foregoing is the law in Pennsylvania is abundantly clear: Roxy Auto Company, v. Moore, 180 Pa. Superior Ct. 603; Holst v. Butler, 379 Pa. 124, 131, 108 A. 2d 740; [Philadelphia v. Rosin's Parking Lots Inc.,] 358 Pa. 174, 56 A. 2d 207.

The regulations under the G. I. Bill of Rights require the veteran to certify on the loan application that no arrangements in advance of the closing of the loan have been made to sell or convey the home to a third party and that the veteran intends to occupy the dwelling as his home. If we accept the defendants' version, then plaintiff and defendants alike violated the law and were it not for the exception to the general rule, there might be some merit in defendants' position that neither party should be aided by the court, but in view of the exception, we think that notwithstanding, relief here must be afforded plaintiffs because we are convinced that the Servicemen's Readjustment Act was passed for the benefit of the veteran and the restrictive regulations were for the protection of the veteran to prevent members of the general public obtaining the economic preference.

Indeed, since one of the principal privileges under

the Servicemen's Readjustment Act of June 22, 1944, c. 268, 58 Stat. at L. 284, as amended, permitted purchase with 100 percent mortgage, whereas civilians were required to pay a substantial part of the purchase price in cash, which percentage varied with the general credit buying conditions in the Nation, to permit the preference beyond the servicemen's group would have been to endanger the economy of the Nation. It would seem, therefore, that the regulations afforded protection to the veteran and to the Nation and this factor must necessarily be considered by the court in adjudicating this action. If we do not grant plaintiffs the relief they seek, then defendants, who were civilians, would receive the benefits of the Servicemen's Readjustment Act to which they are not entitled.

Under basically similar circumstances, in the case of Sheehan v. Baldino, 43 Del. Co. 44, this court entered judgment in ejectment in favor of the veteran-plaintiff. It is our opinion that to permit the general public to obtain the benefits and preferences allowed to veterans by whatever route obtained and, regardless of collusion on the part of the veteran, would do far greater damage to the general welfare of the Nation than to accept defendants' theory that the parties should be left in status quo, and we, therefore, make the following:

### Order

And now, to wit, April 25, 1956, at 12 p.m., upon consideration of the within case, it is ordered, adjudged and decreed that plaintiffs' motion for judgment on the pleadings be and the same is hereby sustained, and judgment in ejectment is entered in favor of plaintiffs and against defendants for the premises described in the complaint. Each of the parties shall bear his own costs.