## Newman v. Keys

*Wollman, Tracey, Schlesinger & Salus,* for plaintiff.
*Paul Kraft* and *Leonard S. Wissow,* for defendants.

CARROLL, J., July 25, 1957.—This is a petition and rule to strike a judgment entered upon a nonnegotiable judgment note given as additional security by defendants in an installment-sale purchase of an automobile. No depositions were taken, the material facts not being in dispute. From the petition and answer filed herein it appears that on or about February 27, 1956, defendants entered into a written installment sale contract with plaintiff for the purchase of a new 1956 sedan for a cash price of $2,774. The contract provided for a down payment of $700 and a financing charge of $323.32 to be paid in 71 installments of $33.99 each. In addition to the installment sales contract, defendants executed a nonnegotiable judgment note in favor of plaintiff, Benjamin Newman, in the amount of $2,447.32 due "one day after date."

Defendants having defaulted, plaintiff Benjamin Newman entered judgment on the "one day" judgment note.

The sole issue raised by defendants' motion to strike this judgment is whether or not the execution of the one-day judgment note together with the installment sales contract violates the Motor Vehicle Sales Finance Act of June 28, 1947, P. L. 1110, sec. 1, et seq., 69 PS §601 et seq.

Even a cursory reading of the preamble of that act makes it indelibly clear that the legislature intended to protect innocent, unwary automobile purchasers against the existing dishonest and unscrupulous practices of some motor vehicle salesmen.

Section 613 of the Motor Vehicle Sales Finance Act states:

"A. Every installment sale contract shall be in writing and shall contain all of the agreements be-

tween the buyer and the seller relating to the installment sale of the motor vehicle sold and shall be signed by both the buyer and the seller.

"B. Every installment sale contract shall be completed as to all essential provisions prior to the signing of such contract by the buyer.

"C. An exact copy of the installment sale contract shall be furnished by the seller to the buyer at the time the buyer signs such contract. Such buyer's copy of the contract shall contain the signature of the seller identical with such signature on the original contract. Such copy shall be furnished to the buyer without charge."

Section 614 of the act further states:

"9. . . .

"C. Every installment sale contract shall state clearly any collateral security taken for the buyer's obligation under the contract."

Section 603 of the act defines collateral security as follows:

"17. 'Collateral security' shall mean any security, other than a security interest in a motor vehicle, which is the subject of an installment sale contract, *which is given to secure performance of any obligation of the buyer* or of any surety or guarantor for him under an installment sale contract, extension, deferment, renewal or other revision thereof, and the term shall include the undertakings of any surety or guarantor for the buyer and any interest in encumbrance on or pledge of real or personal property other than the motor vehicle which is the subject of the installment sale contract."

In the instant case it is undisputed that by the terms of the installment sales contract defendants obligated themselves to pay the costs of the automobile, financing charges, etc., in 71 monthly payments of $33.99 and, in addition, by virtue of the one-day judgment

note, obligated themselves to pay the full costs of the automobile one day after the sale. Under such circumstances it is impossible to ascribe any other definition to the one-day judgment note than collateral security unless we were to assume that the total sale price of the automobile was in excess of $4,800. This plaintiff denies. It is clear that the obligation being secured by the installment sales contract and the one-day judgment note was the total sales price of the automobile of $2,447.32. Thus the conclusion is inescapable that the judgment note was "given to secure performance" of the obligation of the buyers in the installment sales contract. In addition, it is undisputed that the installment sales contract makes no reference to the one-day judgment note and hence did not "contain all the agreements between the buyer and the seller relating to the installment sale of the motor vehicle" as required by section 13 of the act. It is patent, therefore, that the transaction was not in compliance with the pertinent provisions of the act and the judgment must be stricken. See Roxy Auto Company v. Moore, 180 Pa. Superior Ct. 603, 605 (1956), where the court, affirming the striking of a judgment entered in violation of the Motor Vehicle Sales Finance Act without regard to actual injury, held:

"The court below invoked the rule of law that 'if refusal to enforce or to rescind an illegal bargain would produce a harmful effect on parties for whose protection the law making the bargain illegal exists, enforcement or rescission, whichever is appropriate, is allowed.' Holst v. Butler, 379 Pa. 124, 131, 108 A. 2d 740; Phila. v. Rosin's Parking Lots, Inc., 358 Pa. 174, 56 A. 2d 207."

In consideration of the Act of Assembly supra, and the mandate expressed in Roxy Auto Company v. Moore, supra, the judgment heretofore entered in this case is stricken.